ANDREA T. MARTINEZ, United States Attorney (#9313)
JOEY L. BLANCH, Assistant United States Attorney (#16665)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LESTER FLICKINGER,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br>Case No. 2:22-MJ-00272-DBP |

☐ The United States is not seeking detention.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

- ☒ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or

more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id.* The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id.* The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id.*; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it

retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; ***and***

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including,

but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

From May through October 2020, Smith engaged in a series of chats via Telegram, and texts with an undercover law enforcement officer. In these discussions Smith described meeting the undercover officer's 9-year-old daughter for sexual acts as well as having this child pose for sexually explicit photographs. The chats are outlined in detail in the complaint filed in this matter. During the chats Smith also sent the undercover officer sexually explicit images of children. At least one of the sexually explicit images distributed depicted a prepubescent child in restraints .

Smith arrived at the time arranged for the meeting to film and sexually abuse this 9-year-old female child with the undercover officer. At time of arrest, he had in his car sexual toys, drugs, drug paraphernalia, lubricant, and restraints. Law enforcement also seized digital devices at the time arrest.

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

The weight against the defendant is strong. Law enforcement has saved all of the chat discussions and the sexually explicit images of children that were sent to the undercover persona. The text number used in the text messaging connected to Smith. Smith arrived at the time and place arranged for the meeting to engage in the sexual abuse of a minor. At time of arrest, Smith had in his car items consistent with the conduct discussed in the chat including sexual toys, lubricant, and restraints.

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would

be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:
☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.
☐ The defendant's significant family or other ties outside of the United States.
☐ The defendant's use of aliases or false documents.
☐ The defendant's prior attempts to evade law enforcement.
☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

Defendant poses a danger to the community. As set forth in the affidavit supporting the complaint, there is substantial evidence that defendant has convinced a 14-year-old girl to take and send him nude images. There is also evidence that defendant sought similar images from a 7-10 years old girl.

At the time defendant sought nude images from minors he clearly understood that his behavior was illegal, as he used an alias to communicate with them and lied to law enforcement when questioned. He is also a registered sex offender with a history of sex-related offenses:

- Defendant was convicted of voyeurism by concealed or disguised electronic equipment, a Class B misdemeanor, in 2009. (Logan City Justice Court case 081001718, in which he was sentenced to 180 days in custody with no early release or good time credit.)

- Defendant is a registered sex offender for a 2012 Utah state Third Degree felony conviction for possessing child pornography. (Utah Seventh District Court case 121700001, in which he was sentenced to prison).

- Defendant was convicted of lewdness, a Class A Misdemeanor, in 2018. (Utah Third District Court case 181902095). In that case, defendant was found having sex in public - on the lawn of the public library in downtown Salt Lake City.

- Defendant was convicted of failure to register as a sex offender in 2018, a Class A

misdemeanor. (Utah Third District Court case 181905409, in which he was sentenced to 60 days in jail). In that case, defendant was found accessing pornography at a computer lab and when contacted by police, they determined he had not registered for the previous eight months and did not have appropriate state identification listing him as a sex offender.

- One month after being sentenced for failing to register as a sex offender, defendant was again booked on charges of lewdness. While he was not charged in that case, a probation violation report was filed in cases 181902095 and 181905409. Adult Probation and Parole indicated in the violation report that law enforcement witnessed defendant again engaging in sex acts in public – this time at the Road Home shelter in Salt Lake City. The report also indicated that defendant had made no efforts to obtain the required state identification cards or initiate treatment, preferring instead to spend his time sitting outside the Road Home. Defendant's probation was revoked and he was sentenced to serve 60 more days in jail.

Defendant also poses a danger of nonappearance. Defendant does not have a significant history of failure to appear because it appears he has been detained pre-trial in each of the cases referenced above. However, in December, 2019 defendant was arrested for retail theft and charged in Salt Lake City Justice Court, case 201400012. A warrant was issued in January 2020 after he failed to appear on the citation. In April, 2021 he failed to appear for his initial appearance and the warrant remained outstanding. A notice was sent to defendant to reset the initial appearance but he did not; the warrant remained outstanding until defendant was arrested by the state on charges related to this case.

**Victim Notification**

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The state will attempting to contact the victim's parents and obtain their position on detention prior to any hearing related to detention.

☐ The victim in this matter seeks a no contact order.

☐ This matter does not involve a victim requiring notification.

///

///

DATED this 26th day of April, 2022

*/s/ Joey L. Blanch*
JOEY L. BLANCH
Assistant United States Attorney